UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:17-CR-040-CHB-1 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| MICHAEL TUTT, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a *pro se* Motion for Compassionate Release by Defendant Michael Tutt [R. 663]. Tutt was sentenced on December 3, 2019 to 142 months imprisonment and five years of supervised release. [R. 650] Tutt states that he is currently incarcerated at FCI-Elkton, which is experiencing an outbreak of COVID-19, and that he is a 51-year-old male suffering from an enlarged heart and high blood pressure—conditions that make him "among those with the highest risk of death or serious illness from COVID-19." [R. 663 pp. 2, 15] He asks the Court to release him to home confinement or, alternatively, to appoint counsel to assist him in obtaining compassionate release. [*Id.* at pp. 2, 19] The Court thus considers this motion to be both one for compassionate release and for home confinement, in addition to requesting that counsel be appointed.

The First Step Act amended 18 U.S.C. § 3582(c) to allow a defendant to make a direct request to the court for compassionate release after exhausting his administrative remedies or making a request to the warden with no response after the lapse of 30 days. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. York*, Nos. 3:11-CR-76, 3:12-CR-145, 2019 WL 3241166 (E.D. Tenn. July 18, 2019). Under the current § 3582(c)(1)(A),

> [T]he court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the **defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) Extraordinary and compelling reasons warrant such a reduction . . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Here, Defendant fails to allege that he complied with the statutory exhaustion requirements. Instead, Defendant argues that the exhaustion requirements can and should be excused in this case. [R. 663 p. 4] However, the "mandatory language" of 18 U.S.C. § 3582 "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (citation omitted). "[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* at 1857 (citations omitted).

The motion for compassionate release, therefore, must be denied for failure to exhaust at this time. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (concluding, in denying motion for compassionate release due to COVID-19, that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance"); *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2–*3 (E.D. Mich. Apr. 8, 2020) (denying compassionate-release motion prompted by COVID-19 pandemic until exhaustion of all remedies with BOP or until 30 days have passed from request to warden and listing cases in accord); *United States v. Woodson*,

No. 18-CR-845 (PKC), 2020 WL 1673253, at *4 (S.D.N.Y. Apr. 6, 2020) (denying motion for compassionate release based on COVID-19 where 30 days had not elapsed from the defendant's request to warden).  Any future motion under § 3582(c) must provide proof that Defendant has met the exhaustion requirement.

Defendant also suggests that he be placed in home confinement in accordance with Attorney General William Barr's recent guidance. [R. 663 pp. 1–2]  However, the home confinement statutes, 18 U.S.C. § 3624(c) and 34 U.S.C. § 60541(g), do not contain any provision for judicial review.[1]  Thus, Defendant's motion as it pertains to home confinement must be dismissed for lack of jurisdiction. *See United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020) (recognizing, in case in which inmate invoked COVID-19 as reason for seeking home confinement, that "the Court lacks authority to designate home confinement"); *see also United States v. Carter*, No. 1:18-CR-86-JMS, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020) (citing *Garza* in denying inmate's request to serve his sentence on home confinement because inmate had "not established that the Court has the power to grant him the relief he seeks"); *United States v. Brown*, No. RDB-16-CR-00553, 2020 WL 1479129, at *1 (D. Md. Mar. 26, 2020) (denying a motion for home confinement filed by a prisoner citing concerns over COVID-19 because "[i]t is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c)").

---

[1] A prisoner may seek review of the BOP's decision regarding home confinement by filing a habeas petition pursuant to 28 U.S.C. § 2241.  However, a prisoner must usually first exhaust his administrative remedies.  *See, e.g.*, *Simmons v. Warden, FCI-Ashland*, No. CV 0:20-040-WOB, 2020 WL 1905289, at *3 (E.D. Ky. Apr. 17, 2020) (concluding, in a § 2241 action seeking immediate release to home confinement in light of COVID-19, that "before a prisoner may seek habeas relief under § 2241, he must first exhaust his administrative remedies within the BOP"); *but see United States v. Serfass*, No. CR 3:15-39, 2020 WL 1874126 (M.D. Pa. Apr. 15, 2020) (construing a motion for immediate release to home confinement as an emergency § 2241 petition).  Additionally, a § 2241 petition must be brought in the judicial district where the prisoner is confined or his custodian is located.  *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495-96 (1973); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that, as a general rule, jurisdiction for a § 2241 petition "lies in only one district: the district of confinement").

Finally, the Court will deny Defendant's request for appointment of counsel as moot. *See, e.g., United States v. Woolum*, No. 5:84-CR-21-TBR, 2020 WL 1963787, at *2 (W.D. Ky. Apr. 23, 2020) (denying as moot a motion to appoint counsel where the Court lacked jurisdiction to grant the compassionate release sought).

Accordingly, and the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** as follows:

1. The Motion for Compassionate Release [**R. 663**] is **DENIED without prejudice**. The Court will expedite any subsequent motion filed after Defendant meets the exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A).

2. The Motion for Home Confinement [**R. 663**] is **DENIED**.

3. The Request for Appointment of Counsel [**R. 663**] is **DENIED as moot**.

This the 21st day of May, 2020.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY